IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KRYSTLE CARTER,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )
                                   )           No. 08-2409-CM/DJW
J.C. PENNEY CORPORATION, INC.,     )
                                   )
            Defendant.             )
                                   )

## MEMORANDUM AND ORDER

Plaintiff Krystle Carter brings this diversity action against defendant J.C. Penney Corporation, Inc., alleging (1) false arrest/false imprisonment (Count I); and (2) outrage (Count II) (Doc. 1). The case is before the court on Defendant J.C. Penney Corporation, Inc.'s Motion for Summary Judgment or in the Alternative Partial Summary Judgment (Doc. 20). For the reasons that follow, the court grants defendant's motion in part and denies it in part.

**I.   Factual Background**[1]

On June 9, 2006, plaintiff entered defendant's store in Overland Park, Kansas; she selected four bras and tried them on in one of defendant's fitting rooms. Plaintiff contends that, after deciding they were not what she wanted, she took all four bras out of the fitting room and returned them to their approximate positions on the racks. Plaintiff left defendant's store without taking any merchandise belonging to defendant.

---

[1] The court construes the facts in the light most favorable to the non-moving party pursuant to Fed. R. Civ. P. 56. The court has reviewed and combined the facts proposed by both parties, (including those contained in plaintiff's response (Doc. 22) and supplemental response (Doc. 50), and defendant's reply (Doc. 47)), and included only those that are relevant, material, and properly supported by the record.

Defendant has video security cameras at various locations in the store, which recorded plaintiff entering and then exiting the fitting room. Defendant's loss prevention officer ("LPO") Carla Swartz observed live video surveillance of plaintiff entering the fitting room with four bras on hangers. She believed plaintiff exited the fitting room with only three bras on hangers. Swartz had LPO Wendy Beck check the fitting room plaintiff had just exited.[2] Discovering no bras or hangers remaining in the fitting room, Swartz and other of defendant's employees, acting within the course and scope of their employment, stopped plaintiff outside the store. After being threatened with arrest, plaintiff returned to the store for questioning and to review the video surveillance. Defendant detained plaintiff for approximately 45 minutes. During this time, plaintiff offered her purse for inspection, but no one inspected it. Defendant's employees, along with several Overland Park police officers, questioned plaintiff and reviewed the tape with her. Due to questioning by Officer Dan Rains, plaintiff ultimately, voluntarily, removed her bra for inspection. Plaintiff was allowed to leave shortly thereafter.

Plaintiff filed this action on September 5, 2008. She claims that defendant, acting through its employees, had no probable cause or reasonable basis to believe that plaintiff had committed a crime; and that the detention of plaintiff was not conducted in a reasonable manner or for a reasonable period of time. Plaintiff seeks compensatory and punitive damages. Defendant now admits that it made an honest mistake, but maintains that it is entitled to summary judgment on plaintiff's claims.

**II.   Standards**

---

[2] Beck discovered a "J-tag" security device in the fitting room; there is dispute about whether she discovered the "J-tag" in this first search, before plaintiff was stopped, or in a subsequent search made during the detention.

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### III.    Discussion

#### False Imprisonment and the Merchant's Defense

To state a claim for false imprisonment in Kansas, a plaintiff must establish that a defendant knowingly and without legal authority restrained plaintiff so as to interfere substantially with his or her liberty. Kan. Stat. Ann. § 21-3424(a); see also P.I.K. Civ. 4th 127.20.

However, the detention of a shoplifter by a merchant, his agent, or employee does not, as a matter of law, constitute an arrest nor an unlawful restraint if three conditions are met: (1) the merchant, his agent or employee have probable cause to believe that the person has actual possession of and has wrongfully taken, or is about to wrongfully take merchandise; (2) the detention of the person must be on the premises or in the immediate vicinity thereof; (3) the detention must be in a reasonable manner and for a reasonable period of time and for the purpose of investigating the circumstances of the possession. Kan. Stat. Ann. § 21-3424(c); *Alvarado v. City of Dodge City*, 708 P.2d 174, 184 (Kan. 1985); *Codner v. Toone*, 581 P.2d 387 (Kan. 1978). According to defendant, the undisputed facts establish that this "Merchant's Defense," set forth in Kan. Stat. Ann. § 21-3424(c), entitles defendant to summary judgment on plaintiff's false imprisonment claim.

Plaintiff disputes that the facts satisfy the first or the third conditions of the merchant's defense. Specifically, plaintiff argues that the video surveillance footage did not give rise to

-3-

probable cause—indeed, she argues that the video shows plaintiff entering the fitting room with four bras, and exiting with four bras; and that the detention was unreasonable because she was detained after it became obvious that she did not have possession of any of defendant's merchandise.

Probable cause justifying a detention exists where the facts and circumstances within the knowledge of the one who is detaining are sufficient to warrant a person of reasonable caution to believe that the person detained has committed an offense. *Melia v. Dillon Companies, Inc.*, 846 P.2d 257, 260 (Kan. Ct. App. 1993) (citing *Stohr v. Donahue*, 527 P.2d 983 (1974)). Although the existence of probable cause is a matter of law where the undisputed facts establish its presence or absence, the issue of probable cause becomes a jury question where the facts are in dispute. *Id.* (holding probable cause determination was a question of law where it was uncontested that plaintiff concealed and failed to pay for merchandise belonging to the store). There is no dispute what Swartz believed. However, it is for the jury to say whether her belief was supported by probable cause based on the evidence available to her. To do this, the jury must hear the testimony of witnesses, determine their credibility, and evaluate the video themselves.

The facts surrounding the detention itself are not largely disputed. However, other than plaintiff's allegation that the detention continued on after defendant had established that she did not possess any merchandise,[3] neither party points to facts that would render the detention either

---

[3] Plaintiff asserts that, during the detention, loss prevention manager Wenfrey Ballance and district Loss Prevention Manager Donald Givens reviewed the tape on a better quality television, and confirmed that plaintiff left the fitting room with four bras on hangers. After plaintiff had "proved her innocence" by removing her bra, defendant's employees continued to detain her to ask her what they could do to keep her business. Plaintiff alleges that "[i]t became readily obvious in a period of time far before the end of the detention that [plaintiff] did not have possession. Nevertheless, she was not then set free —as she should have been. Rather, the detention continued as Penney employees consulted on what to do and how to handle the situation. She was detained while Penney management discussed business with her (keeping her as a customer, etc.)." (Doc. 22, at 23–24.)

reasonable or unreasonable as a matter of law. The court agrees with plaintiff that questions of reasonableness are generally jury questions. *Trout v. Nationwide Mut. Ins. Co.*, 316 F. App'x 797, 803 (10th Cir. 2009). Viewing the facts most favorably to plaintiff, the evidence is such that a reasonable jury could render a verdict for plaintiff. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). The evidence is not so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 251–52. Defendant's motion for summary judgment as to plaintiff's Count I is denied.

### Outrage

Defendant also seeks summary judgment on plaintiff's outrage claim. By way of response, plaintiff accedes to the dismissal of that claim, electing to proceed only on the claim of false arrest/ false imprisonment. The court therefore grants defendant's motion as to plaintiff's claim, and dismisses Count II of plaintiff's complaint.

### Punitive Damages

When seeking punitive damages in a civil action, the plaintiff bears the burden of proving, by clear and convincing evidence, that the defendant acted toward the plaintiff with willful conduct, wanton conduct, fraud, or malice. Kan. Stat. Ann. § 60-3702(c); *Hysten v. Burlington N. Santa Fe Ry. Co.*, 530 F.3d 1260 (10th Cir. 2008). Defendant points to a lack of evidence to support plaintiff's punitive damage claim. Defendant asserts that Swartz had a good faith, albeit mistaken, belief, based on the video surveillance, that plaintiff had shoplifted, and plaintiff has failed to allege any malicious conduct on the part of defendant's employees while she was being detained. Plaintiff, on the other hand, alleges that defendant's conduct went far beyond a simple error, and that the following conduct constituted "reckless disregard for plaintiff's rights":

- Detention under circumstances where the videotape showed that she had stolen nothing.
- Detention beyond the point where it was determined that she had stolen nothing.
- Detention based upon suspicion rather than probable cause as required by law.

  • Detention after the determination that a mistake had been made.
  • Detention for the purpose of engaging Krystle Carter in a commercial discussion about J. C. Penney Corporation continuing to have her business and only freeing her after the end of that discussion.

(Doc. 22, at 26.)

Plaintiff's burden at trial is one of clear and convincing evidence. To withstand summary judgment, however, plaintiff need only "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256; *see Adler*, 144 F.3d at 671 n.1. At issue here is whether defendant's employees acted wilfully, wantonly, or maliciously. Out of an abundance of caution, and guided by the notion that a court should be cautious in granting summary judgment when the resolution of a dispositive issue necessitates a determination of the state of mind of one or more of the parties, *Credit Union of Amer. v. Myers*, 676 P.2d 99, Syl. ¶ 6 (Kan. 1984), the court concludes that judgment as a matter of law is not appropriate on plaintiff's punitive damage claim at this time.

  **IT IS THEREFORE ORDERED** that defendant's Motion for Summary Judgment (Doc. 20) is granted in part and denied in part. Count II of plaintiff's complaint, claiming Extreme and Outrageous Conduct, is dismissed.

  Dated this <u>21st</u> day of September 2009, at Kansas City, Kansas.

                **<u>s/ Carlos Murguia</u>**
                **CARLOS MURGUIA**
                **United States District Judge**