IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KRYSTLE CARTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 08-2409-CM/DJW |
| **J.C. PENNEY CORPORATION, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

Plaintiff Krystle Carter brings this diversity action against defendant J.C. Penney Corporation, Inc., alleging false arrest/false imprisonment. The case is before the court on Defendant J.C. Penney Corporation, Inc.'s Motion to Exclude Testimony of J. Patrick Murphy (Doc. 38) and plaintiff's Motion to Exclude Defendant's Expert Witness (Doc. 40). For the following reasons, both motions are granted.

**I.     Factual Background**

On June 9, 2006, plaintiff entered defendant Penney's store in Overland Park, Kansas; she selected four bras and tried them on in one of defendant's fitting rooms. Plaintiff contends that, after deciding they were not what she wanted, she took all four bras out of the fitting room and returned them to their approximate positions on the racks. Plaintiff left defendant's store without taking any merchandise belonging to defendant.

Defendant has video security cameras at various locations in the store, which recorded plaintiff entering and then exiting the fitting room. Defendant's loss prevention officer ("LPO") Carla Swartz observed live video surveillance of plaintiff entering the dressing room with four bras on hangers. She believed plaintiff exited the fitting room with only three bras on hangers. Swartz

had LPO Wendy Beck check the fitting room plaintiff had just exited.  Discovering no bras or hangers remaining in the fitting room, Swartz and other of defendant's employees, acting within the course and scope of their employment, stopped plaintiff outside the store.  After being threatened with arrest, plaintiff returned to the store for questioning and to review the video surveillance.  Defendant detained plaintiff for approximately 45 minutes.  During this time, plaintiff offered her purse for inspection, but no one inspected it.  Defendant's employees, along with several Overland Park police officers, questioned plaintiff and reviewed the tape with her.  Due to questioning by Officer Dan Rains, plaintiff ultimately, voluntarily, removed her bra for inspection.  Plaintiff was allowed to leave shortly thereafter.

Plaintiff filed this action on September 5, 2008.  She claims that defendant, acting through its employees, did not have probable cause to believe that plaintiff had committed a crime and that the detention of plaintiff was not conducted in a reasonable manner or for a reasonable period of time, therefore the "Merchant's Defense" of Kan. Stat. Ann. § 21-3424(c) does not relieve defendant of liability.

Plaintiff has disclosed expert J. Patrick Murphy.  Defendant has disclosed Terrence J. Korpal.  Each party objects to the other's expert.  The court has reviewed the arguments of the parties,[1] and the reports of the challenged experts and, after careful consideration, is ready to rule on

---

[1] Defendant argues that the testimony of plaintiff's expert, Mr. J. Patrick Murphy should be excluded because (1) it is not necessary to assist the triers of fact under Rule 702; (2) it is not relevant under Rule 401; and/or (3) its probative value is substantially outweighed by its risk of undue prejudice and should be excluded pursuant to Rule 403.  Plaintiff argues that the testimony of Mr. Korpal should be excluded because (1) it fails to comply with Rule 26(a)(2) (because it is not signed; it was not timely filed; and contains no "reasons" for the opinions); (2)  it is not necessary to assist the triers of fact under Rule 702; (3) it impermissibly comments on the credibility of other witnesses; and (4) its subject—whether probable cause existed—is not a proper subject for expert

(continued...)

the motion.

**II.    Standards**

Federal Rule of Evidence 702 states that:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

This rule reflects the court's gatekeeping function under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993), which requires the court to determine whether expert testimony will assist the trier of fact. This two-pronged inquiry requires the party advancing the expert testimony to establish both its reliability and relevance. *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 883 (10th Cir. 2005); *Guang Dong Light Headgear Factory Co. v. ACI Int'l, Inc.*, No. 03-4165-JAR, 2008 WL 170310, at *2 (D. Kan. Jan. 17, 2008); *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (recognizing that expert testimony is only admissible "if it is both relevant and reliable."). While the rejection of expert testimony is the exception rather than the rule, *Daubert*, 509 U.S. at 595, the court will not allow expert testimony that invades the province of the jury or renders opinions on issues of law. *See Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988). With these standards in mind, the court evaluates the reports and proffered testimony of the experts.

**III.    Discussion**

**Defendant's Expert Terrence J. Korpal**

According to his two page report, Mr. Korpal has forty years of experience in the field of security and crime prevention, and has made "several hundred arrests based on the doctrine of

---

[1] (...continued)
testimony.

probable cause." (Doc. 40-2, at 2.)  As a "security expert," Mr. Korpal reviewed the surveillance video, deposition testimony, and police reports.  His "observations comport with the reported observations of Swartz" and the officers who initially saw plaintiff enter the fitting room with four bras and leave with three.  Based on his review of this evidence, he opines that "grounds existed for a stop of [plaintiff] based on probable cause that a crime may have occurred." (Doc. 40-2, at 3.)

The court finds that Mr. Korpal's testimony is not expert testimony.  It usurps the jury's function; it does not assist the trier of fact in understanding the evidence, but rather it embraces the ultimate issue—whether probable cause supported Swartz's decision to stop plaintiff.  Defendant's response to plaintiff's motion acknowledges that "[t]he analysis of probable cause is not a proper subject for expert testimony." (Doc. 41, at 2.)  Furthermore, in reaching his conclusion, Mr. Korpal impermissibly comments on the credibility of witnesses.  The court grants plaintiff's motion.

### Plaintiff's Expert J. Patrick Murphy

The report of Mr. Murphy, a loss prevention expert, covers three topics.  First, it discusses the "Loss Prevention Foundation" and its promulgation of best practices and its certification programs which were developed by "professionals from over 75 companies" including, apparently, defendant Penney.[2]  (Doc. 43-2, at 3.)  Second, Mr. Murphy's report mentions defendant's own policies.  Finally, Mr. Murphy's report opines on whether the conduct of defendant's employees comported with industry standards, defendant's own policies, or the requirements of the law.

As for this last topic, Mr. Murphy's testimony is clearly inadmissible.  For example, Mr. Murphy opines that "[t]he arrest of [plaintiff] lacked probably [*sic*] cause and was baseless.  The

---

[2] Defendant asks this court to determine the admissibility of plaintiff's expert opinion, but does not offer his report or other evidence of his opinion for this court's review.  This court's analysis is based on its review of the report and deposition of J. Patrick Murphy, provided by plaintiff by way of her response to defendant's motion.

-4-

manner and method of her detainment in the office was improper and she should have been released forthwith." (Doc. 43-2 at 8.) As discussed above, such statements are not proper expert testimony.

Also inadmissible are Mr. Murphy's conclusions that the manner and duration of plaintiff's detention were "outside the practices and policy of [defendant Penney]" and "went beyond standard practices." Although testimony concerning the ordinary practices in an industry may be received to enable the jury to evaluate a defendant's conduct against the standards of accepted practice, *Marx & Co. v. Diner's Club, Inc.*, 550 F.2d 505, 509 (2nd Cir. 1977), testimony encompassing an ultimate legal conclusion based upon the facts of the case is not admissible, and may not be made so simply because it is presented in terms of industry practice. *United States v. Bilzerian*, 926 F.2d 1285, 1295 (2nd Cir. 1991).

To the extent it can be separated from his inadmissible conclusions, Mr. Murphy's testimony regarding industry standards and defendant's policies requires a closer look. Defendant argues that such testimony is irrelevant because the only standards that matter are the legal standards of probable cause and reasonableness contained in Kan. Stat. Ann. § 21-3424(c). While the court believes defendant's own policies may be relevant to understanding and evaluating the conduct of its employees in this case, the court is guided by the decision of the Kansas Supreme Court in the benchmark § 21-3424(c) case of *Alvarado v. City of Dodge City*, 708 P.2d 174 (Kan. 1985), in which the plaintiff challenged the district court's exclusion of the defendant retailer's own standards for detaining suspected shoplifters. Noting that the retailer's standards were stricter than the probable cause test required by the statute, the court held that the district court did not err in excluding the evidence. The court reasoned that a merchant should not be penalized for establishing higher standards for its employees than the applicable statutory standards. As noted in the Kansas Supreme Court's opinion, other courts have reached the opposite conclusion, and upheld the

-5-

admission of such evidence. *See* 31 A.L.R. 3d 705 (discussing cases on admissibility of defendant's rules or instructions for dealing with shoplifters in actions for false imprisonment or malicious prosecution). In this case, the court applies Kansas law.

Mr. Murphy notes that defendant's Loss Prevention Manual regarding fitting rooms requires that:

> 1. An accurate count of all items must be taken when a suspect enters and exits a fitting room.
> 2. If there is any question regarding missing items the apprehension cannot . . . take place.

And, before apprehending a subject, "'The apprehending associate must know where the merchandise is at all times and the subject still has it in his or her possession at the time of apprehension.'" (Doc. 43-2, at 4.)

As in *Alvarado*, such standards appear to be more strict than the probable cause standard in the statute, which would suggest they should not be admitted. This court is not being asked to exclude evidence of defendant's policies, however. At issue is Mr. Murphy's opinion regarding the policies and, ultimately, whether defendant's employees adhered to them. The court concludes that Mr. Murphy's testimony will not be helpful to the jury. The normal experiences and qualifications of lay jurors are sufficient for them to apply the appropriate standard and draw a proper conclusion from the evidence. *Moses v. Halstead*, 477 F. Supp. 2d 1119, 1124 (D. Kan. 2007). Defendant's motion is granted.

In light of its ruling, the court need not address other arguments made by the parties.[3]

---

[3] Defendant filed a surreply to plaintiff's motion to exclude defendant's expert, the arguments in which the court does not consider in light of its ruling. (Doc. 48.) The court notes for the benefit of the parties that the rules concerning the filing of a surreply are well established in this district. Under D. Kan. Rule 7. 1, parties are permitted to file a motion, a response, and a reply. Surreplies are typically not allowed, and are permitted only in rare cases where a movant improperly
(continued...)

-7-

**IT IS THEREFORE ORDERED** that Defendant J.C. Penney Corporation, Inc.'s Motion to Exclude Testimony of J. Patrick Murphy (Doc. 38) is granted.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Exclude Defendant's Expert Witness (Doc. 40) is granted.

Dated this 21st day of September 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**

---

[3] (...continued)
raises new arguments in a reply. *See, e.g., King v. Knoll*, 399 F. Supp. 2d 1169, 1173–74 (D. Kan. 2005). In such a situation, leave of court must be secured before filing a surreply. *See Roadenbaugh v. Correct Care Solutions*, No. 08-2178-CM, 2009 WL 1873796 at *5 (D. Kan. June 30, 2009).